<u>NOT FOR PUBLICATION</u>

## <u>UNITED STATES DISTRICT COURT</u>
## <u>FOR THE DISTRICT OF NEW JERSEY</u>

———————————————————
                         :

LINDA CALHOUN,                :
                         :
        Plaintiff,      :
                         :
        v.        :        Civil Action No. 03-3999  (JAG)
                         :
FRUNGILLO CATERING DESIGN and,  :       <u>OPINION</u>
VARANO PHOTOGRAPHY,      :
                         :
        Defendant.   :
                         :
———————————————————:

<u>GREENAWAY, JR., U.S.D.J.</u>

### <u>INTRODUCTION</u>

This matter comes before this Court on the motion of Defendant Frungillo Catering Design ("Defendant") to vacate a default entry, pursuant to FED. R. CIV. P. 55(c), and the cross-motion of Plaintiff Linda Calhoun ("Plaintiff") for a default judgment, pursuant to FED. R. CIV. P. 55(b).  For the following reasons, Defendant's motion to vacate the entry of default is granted and Plaintiff's cross-motion is denied as moot.

### <u>BACKGROUND</u>

Defendant was the caterer for a wedding at the Skylands Manor in Ringwood, New Jersey on March 2, 2002.  (Affidavit of Robert Frungillo ("Frungillo Aff."), at ¶ 2.)  Plaintiff, a florist and floral designer, was hired to decorate the wedding cake and provide flowers for the wedding and reception (Frungillo Aff. ¶ 3).  Varano was hired as the photographer for the wedding.

(Affidavit of Linda Calhoun ("Pl. Aff."), at ¶ 4.)  For the wedding at Skylands-Manor, Defendant baked a four tiered cake (Frungillo Aff. ¶ 2), Plaintiff decorated the wedding cake, and Varano photographed the completed cake ("Work").  (Frungillo Aff. ¶ 3; Pl. Aff. ¶ 3.)

Subsequent to the wedding, Defendant placed an advertisement ("Ad") in one or more bridal magazines promoting the Skylands Manor.  (Frungillo Aff. ¶ 9.)  The Ad contained a picture of the outside of Skylands Manor as well as four other pictures, one of which was a picture of a wedding cake that Plaintiff claims to be her copyright protected Work.  (Pl. Aff. ¶ 4.)

Plaintiff sent cease-and-desist letters to Defendant on or about March 19, 2003 and August 22, 2003, in which she asked Defendant to stop running all advertisements in any form containing the Work.  Defendant did not respond to the cease-and-desist letters.  (Pl. Aff. ¶ 5.)  On August 22, 2003, Plaintiff registered her Work with the United States Copyright Office.  (Pl. Aff. ¶ 6.)  Plaintiff registered her Work as a Sculpture entitled "A Floral Design for a Wedding Cake."  (Pl. Aff. ¶ 6.)

On August 25, 2003, Plaintiff filed suit in this Court against Defendant and Varano Photography seeking damages for copyright infringement, pursuant to 17 U.S.C. §101, and unfair competition, pursuant to N.J. STAT. ANN. § 56:4-1 (2001).  (Pl. Aff. ¶ 6.)  On February 3, 2004, Defendant sent a letter to this Court stating that: (1) he was representing himself; (2) denying all allegations set forth in the complaint; and (3) seeking to join in Varano's motion to dismiss, which was pending at that time.  Defendant did not appear for oral argument on February 27, 2004, when this Court granted in part and denied in part Varano's motion to dismiss and directed Plaintiff to file an amended pleading by March 26, 2004.  Plaintiff and Varano Photography settled, and on June 24, 2004, this Court dismissed Varano from this action.

Plaintiff filed a second amended complaint on March 26, 2004.  Defendant failed to answer and Plaintiff requested an entry of default, pursuant to Rule 55(a) on February 2, 2005. The Clerk of the Court entered a default against Defendant on February 2, 2005.  On March 22, 2005, Defendant moved to set aside the default entry, pursuant to Rule 55(c), and Plaintiff cross-moved for default judgment, pursuant to Rule 55(b)(2).

## LEGAL STANDARD

Defaults are disfavored, and where a party has moved to set aside a default, doubtful cases should be resolved in favor of the party moving to set aside a default entry "so that cases may be decided on their merits."  See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).  "Between the extremes of repeated contumacious conduct and innocent procedural error are the manifold instances of neglect and inadvertence that require trial courts to weigh the equities of the situation and the need for the efficacious resolution of controversies."  Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982).  "The exercise of such judgment does not lend itself to a rigid formula or to a per se rule."  Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  In resolving a motion to set aside a default under Rule 55(c), courts should consider: (1) whether the defendant has a meritorious defense; (2) whether the default was the result of the defendant's culpable conduct; and (3) whether the plaintiff will be prejudiced.  See $55,518.05 in U.S. Currency, 728 F.2d at 194-95.

## DISCUSSION

In deciding a motion to vacate a default entry, courts should consider whether the party seeking to vacate the default has demonstrated good cause.  See FED. R. CIV. P. 55(c).  Any doubts should be resolved in favor of vacating a default entry so that cases may be decided on their merits.  See $55,518.05 in U.S. Currency, 728 F.2d at 194-95.  Courts should examine whether the defendant may have a meritorious defense, assess the prejudice to the plaintiff of vacating a default, and evaluate whether the default resulted from the culpable conduct of the defendant.  Id.

This Court has considered these factors and the parties' submissions. For the reasons set forth below, Defendant's motion to vacate the entry of default shall be granted and Plaintiff's cross-motion for default judgment shall be denied as moot.

### A.      Meritorious Defense

One of the primary considerations in deciding a motion to vacate an entry of default is whether the defendant has a meritorious defense.  Id.  The showing of a meritorious defense is accomplished when "allegations of defendant's answer, if established, would constitute a complete defense to the action."  Id.  Here, it appears that Defendant has alleged sufficient facts that, if established, would constitute a meritorious defense to Plaintiff's copyright and unfair competition claims.  Thus, this factor supports vacating the default against Defendant.

Two essential components of a copyright infringement case are ownership of a copyright and infringement.  See  Walker v. DC Comics, Inc., 67 Fed. Appx. 736, 737 (3d Cir. 2003).  Copyright protection subsists in "original works of authorship fixed in any tangible medium of expression, now known or later developed from which they can be perceived, reproduced, or

otherwise communicated . . . [and] include . . . pictorial, graphic and sculptural works." See 17 U.S.C. § 102(a).

In this case, Defendant asserts sufficient facts to show that it can present a meritorious defense to Plaintiff's copyright claim.  This Court agrees.

Defendant first maintains that Plaintiff does not possess a valid copyright, because Plaintiff copied the design from a picture, and therefore,  the Work is not original or independently artistic.  (Def. Br. at 7.)  Essentially, Defendant seeks to prove that Plaintiff has no "original work of authorship" subject to protection under  17 U.S.C.§102(a).  Without a valid copyright, Plaintiff cannot succeed on a claim of copyright infringement.  Walker v. DC Comics, Inc., 67 Fed. Appx. 736, 737 (3d Cir. 2003).

Defendant also maintains that the Certificate of Registration from the United States Copyright Office is invalid because Plaintiff failed to advise the United States Copyright Office of the preexisting picture upon which that the Work was based.  (Ex. B to Frungillo Aff.)[1]  Proof that Plaintiff's copyright registration is invalid would present a meritorious defense to Plaintiff's claim of copyright infringement.

Accordingly, this Court is satisfied that Defendant has alleged sufficient facts that suggest that it has a meritorious defense.

Defendant also may have a meritorious defense to Plaintiff's unfair competition claim.  The unfair competition claim is based on N.J. STAT. ANN. § 56:4-1, which provides:  "No merchant, firm or corporation shall appropriate for his or their own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals."  N.J. STAT. ANN. § 56:4-1 (2001).  In essence, unfair competition is a business tort.  Duffy v. Charles Schwab & Co., Inc., 123 F. Supp.2d 802, 815 (D.N.J. 2000).  Generally, it

---

[1] Ex. B is Plaintiff's Copyright Registration submitted by Defendant.

consists of "the misappropriation of one's property by another or property which has some sort of commercial or pecuniary value." Duffy v. Charles Schwab & Co., Inc., 123 F. Supp.2d 802, 815 (D.N.J. 2000) (quoting New Jersey Optometric Ass'n v. Hillman-Kohan Eyeglasses, Inc., 365 A.2d 956 (N.J. Super. Ct. App. Div. 1976)).  Plaintiff's unfair competition claim is also susceptible to Defendant's potential defense to Plaintiff's claim of copyright infringement – namely, that Plaintiff does not possess a valid copyright on the work.  In addition, Defendant contends that it never misled customers to believe that it had produced the Work, if proven, also would defeat Plaintiff's unfair competition claim.  (Def. Reply Br. at 11.)

Plaintiff contends that the default entry should not be vacated because Defendant does not have a meritorious defense to her copyright and unfair competition claims.  Plaintiff contends that she is the sole proprietor of all title, right, and interest in and to the copyright in the Work. (Pl. Aff. ¶ 3.)  Plaintiff further contends that, although Defendant produced the cake, the Work was original.  (Pl. Aff. ¶ 3.)  According to Plaintiff, she abandoned her original design and spontaneously created the design in response to defects that she discovered in the cake.  (Pl. Aff. ¶ 3.)

This Court concludes that this factor weighs in favor of vacating the default entry. Defendant has alleged sufficient facts concerning the validity of Plaintiff's copyright to show that, if proven, Defendant could present a meritorious defense to Plaintiff's claims.

**B.   Culpable Conduct**

This Court next considers whether the default entry was a product of Defendant's culpable conduct.  Although Defendant failed to respond to the second amended complaint, Defendant's actions in this case do not rise to the level of culpable conduct.

In determining whether a default entry resulted from the culpable conduct of a Defendant, courts examine the "willfulness" or "bad faith" of a non-responding defendant.  Hritz, 732 F.2d at 1182.  A finding of culpable conduct requires more than mere negligence.  Id.  Certainly,

-6-

"willfulness" and "bad faith" include acts intentionally designed to avoid compliance with court notices. Id.  The fact that the defendant or his counsel neglected the obligation to respond is not sufficient to establish culpable conduct.  See Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982).

Defendant maintains that the reason that it did not respond was that it, proceeding pro se, believed that the initial response denying all allegations and incorporating, through reference, Varano's motion to dismiss satisfied its obligations in the instant litigation.  (Def. Br. at 5.) Furthermore, Defendant contends that it was not served with the second amended complaint. (Def. Br. at 5.)  Defendant admits to being served with the initial complaint, Varano's motion to dismiss and notice of the default entry, but vehemently denies being served with the second amended complaint.  (Def. Br. at 5; Frungillo Aff. ¶ 17.)

Plaintiff disagrees, and contends that default resulted from culpable conduct.  (Pl. Reply Br. at 12.)  Specifically, Plaintiff maintains that she served Defendant with the second amended complaint.  (Pl. Reply Br. at 12.)  Furthermore, Plaintiff argues that Defendant is culpable, because it recklessly disregarded repeated communications from Plaintiff and this Court by not responding to the second amended complaint.  (Pl. Reply Br. at 12.)

Although the record suggests that Defendant's own negligent conduct may have contributed in the entry of default, it is difficult to conclude that its actions rise to the level of culpable conduct.  Defendant initially responded to the first complaint, but did not respond to the second amended complaint.  Defendant joined Varano's motion to dismiss, but apparently did not ascertain the disposition of that motion.  Even though Defendant may bear some responsibility for the default entered against it, the record is devoid of any evidence that would allow this Court to infer that Defendant acted willfully or in bad faith.  While Defendant played a role in the entry of default, this Court cannot conclude that its conduct exceeded negligence such that a default entry should not be vacated.

**C.**     **Prejudice**

This Court also must consider whether Plaintiff will suffer prejudice if the entry of default is vacated.  Based on the parties' submission, this Court concludes that Plaintiff will not suffer prejudice by vacating the default entry.

Prejudice can be defined as the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.  See Feliciano, 691 F.2d at 657.  A delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent vacating a default entry entered at an early stage of the proceeding.  See id.  In addition, prejudice suffered by a non-defaulting party often can be rectified through the trial court's power under Rule 60(b) to impose terms and conditions upon the opening of a default entry.  See id.

Plaintiff asserts that, if the default entry is vacated, there is a high likelihood that evidence of Defendant's offending advertisement may be lost, and thus, that she will suffer prejudice.  (Pl. Reply Br. at 20.)  Furthermore, Plaintiff argues that there is a great likelihood that business records of Defendant may be purged, making basic discovery difficult and thus prejudicing Plaintiff.  (Pl. Reply Br. at 20.)  In essence, Plaintiff claims that there is potential for a loss of evidence that would hinder her ability to litigate effectively and prevail on her claim.

Defendant maintains that Plaintiff will not suffer prejudice as a result of vacating the default entry.  (Def. Br. at 5.)  Defendant claims that there is no risk that evidence will be lost or destroyed, particularly since Plaintiff already possesses sufficient evidence of the advertisement and Defendant's business records.  (Def. Reply Br. at 2.)  Defendant also asserts that it filed tax returns during the relevant period, and will continue to maintain those business records, as required by law.  (Def. Reply Br. at 2.)  Thus, any business record that may be required in litigation shall be available to Plaintiff.  (Def. Reply Br. at 2.)

Plaintiff has not persuaded this Court that she will suffer prejudice in the form of potential loss of evidence.  Plaintiff already has in her possession numerous instances of allegedly offending advertisements.  (Exhibit A ("Ex. A") to Certification of Eric J. Hughes.)[2] The concern for the potential loss of evidence is not overwhelming, particularly in light of Plaintiff's detailed expert report, which illustrates at least some of the fact discovery already in Plaintiff's possession.  (Ex. A.)

Plaintiff maintains that the figures that appear in her expert report are estimates, and that there may be more "offending advertisements" in circulation that could be lost if default is vacated.  (Pl. Reply Br. at 17.)  This assertion does not support her contention that she will be prejudiced, since it acknowledges that Plaintiff already possesses some of the allegedly offending material, and merely seeks discovery of more advertisements in circulation.  (Pl. Reply Br. at 17.)

In addition, there is no evidence that Plaintiff has substantially relied on the default or that there is an increased likelihood of fraud.

Finally, both parties and the interests of justice would be better served by setting aside the default entry and allowing these factual questions to be resolved on the merits.  See $55,518.05 in U.S. Currency, 728 F.2d 194-95.  While Plaintiff may have to wait to realize monetary satisfaction of her claims, this delay does not constitute prejudice.  Feliciano, 691 F.2d at 657.

Therefore, this Court concludes that considerations of prejudice militate towards granting Defendant's motion.

---

[2]Exhibit A is the report of Plaintiff's expert, Don E. Smith, which calculates and characterizes Plaintiff's damages.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to vacate default motion is granted and

Plaintiff's cross-motion for entry of a default judgment is denied as moot.

Date: August 8, 2005

            S/Joseph A. Greenaway, Jr.           
            JOSEPH A. GREENAWAY, JR., U.S.D.J.